CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 2 5 2013

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| PAUL COLES, | ) | CASE NO. 7:13CV00101 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| MR. HAROLD CLARK, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Paul Coles, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"). He alleges that the defendant prison officials have violated his constitutional rights by imprisoning him, despite his learning disabilities. Upon review of the record, the court finds that the action must be summarily dismissed without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

## I

Coles' submissions indicate the following few facts and allegations relevant to his claims. Coles was convicted of a criminal offense under Virginia law and sentenced to a term of imprisonment. He is currently incarcerated at Green Rock Correctional Center ("GRCC") in Chatham, Virginia, with a projected release date of June 25, 2013. Coles asserts that when he was in grade school, he was "a slow learner" and was assigned to special education classes in reading, spelling, and writing, as reflected on his school transcripts. (ECF No. 2, at 10.) A teacher allegedly said Coles was "ADHD," and "had a[n] attention problem in school." (Id.)

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

Coles asserts that his transcripts, test scores, and the teachers' statements demonstrate that he has a "learning disability" within the meaning of the ADA. Specifically, Coles claims: "Being housed in a major prison with a learning disability that is cruel and unusual punishment [a]nd being locked down 14 ½ hr or more a day." (ECF No. 1, at 2.) As defendants to his lawsuit, Coles names Harold Clark, Director of the Virginia Department of Corrections ("VDOC"), and Carl Manis, Warden of GRCC. Coles' complaint does not state what relief he seeks.

## II

To proceed with his lawsuit, plaintiff must allege facts that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff seeking to pursue a claim under § 1983 must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Coles' allegations fail to state any actionable § 1983 claim against the defendants he has named, because he states no facts concerning specific conduct that each of these defendants took in violation of his rights. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (finding that "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights [because t]he doctrine of respondeat superior has no application" under § 1983) (internal citations omitted). Therefore, Coles' complaint must be dismissed without prejudice under § 1915A(b)(1) for failure to state a claim against Defendants Clark and Manis.

In any event, Coles' allegations do not suggest that he has an actionable claim against anyone under the Eighth Amendment. To state such a claim, the plaintiff must show that he has

sustained a serious or significant mental or physical injury as a result of the challenged conditions, see Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993), and that prison officials knew conditions posed a substantial risk of harm and did not reasonably respond to that risk. Farmer v. Brennan, 511 U.S. 825, 838 (1994). Coles fails to allege that he has suffered any serious mental or physical injury from the confinement conditions at GRCC or that he is likely to do so. Therefore, his alleged situation fails to give rise to any Eighth Amendment claim.

While Title II of the ADA applies to inmates in state prisons, see Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 209 (1998), its protections do not preclude states from confining individuals with disabilities. Rather, this Act states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Coles does not allege any manner in which he has been excluded from services, programs, or activities, or discriminated against by the actions of the defendants or any other prison official. Accordingly, Coles' allegations do not suggest any actionable claim under the ADA against anyone.

For the reasons stated, the court dismisses Coles' complaint without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 24th day of April, 2013.

_Glen Conrad_

Chief United States District Judge